■ SEBASTIAN HOLDINGS, INC., Appellant, v DEUTSCHE BANK AG, Respondent. [998 NYS2d 326]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered August 1, 2013, which, as modified by an order of the same court and Justice, entered January 23, 2014, (1) granted defendant Deutsche Bank AG's motion to modify that branch of the order of the Special Referee (Kathleen A. Roberts), dated March 25, 2013, applying Swiss law regarding attorney-client privilege, (2) held New York attorney-client privilege law applicable, and (3) directed an in camera review to determine the applicability of the privilege to individual documents, unanimously affirmed, without costs.

The underlying facts of this action are not in dispute. Plaintiff is a Turks and Caicos company formed for the purpose of making and holding investments. In 2004, plaintiff became a client of defendant's private wealth management division, Deutsche Bank Suisse, in Geneva, Switzerland. In 2006, plaintiff opened a foreign exchange (FX) prime brokerage account at Deutsche Bank in New York; in 2008, the FX account incurred hundreds of millions of dollars in losses. Plaintiff then commenced this action, alleging that Deutsche Bank failed to accurately report plaintiff's exposure on trades and exercise proper trading control in the account.

After plaintiff commenced this action, it sought production of

materials from Deutsche Bank Suisse. To shield Deutsche Bank Suisse employees who assisted in the production of documents from criminal penalties under article 271 of the Swiss Penal Code, Deutsche Bank insisted on an order and request under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Convention).

As a result, the motion court, on consent of the parties, entered two orders initiating the Hague Convention process—specifically, an Order Appointing Commissioner and Directing Submission of Hague Convention Application (the Order Appointing Commissioner) and a Request for International Judicial Assistance in the Authorization of a Commissioner Pursuant to Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the Request). Under the Order Appointing Commissioner, a Swiss attorney was appointed "to take documents in the above-captioned action pending in this Court, including the transmission to counsel for the parties of Documents . . . that are provided to the commissioner in accordance with the New York Civil Practice Law and Rules." Similarly, the Request specified that Deutsche Bank would prepare a privilege log "in accordance with the standards of the New York Civil Practice Law and Rules for determination by the Court upon application as to such privilege designations and redactions."

Deutsche Bank produced documents from Deutsche Bank Suisse, but withheld or redacted as privileged documents reflecting communications between employees of Deutsche Bank Suisse and its in-house counsel (the in-house documents). Plaintiff moved, among other things, to compel production of the in-house documents under CPLR 3124 and 3126, contending that Swiss law—which Deutsche Bank concedes does not recognize attorney-client privilege for communications with in-house counsel—must be applied to the in-house documents.

By order dated March 25, 2013, the discovery referee determined that Swiss law governed application of the attorney-client privilege and ordered Deutsche Bank to produce all responsive in-house documents. However, the motion court modified the referee's order in part, holding that New York privilege law applied. In so holding, the court noted that under the stipulated Hague Convention orders, discovery is to proceed under the CPLR.

We agree with the motion court that the stipulated orders, directing that discovery is to proceed under the CPLR, are dispositive. Indeed, the Request specifically states that Deutsche

Bank would prepare a privilege log "in accordance with the standards of the New York Civil Practice Law and Rules for determination by the Court upon application as to such privilege designations and redactions." We reject plaintiff's assertion that this language creates a reservation of rights on privilege challenges; on the contrary, the language merely allows plaintiff to challenge Deutsche Bank's privilege designation and redactions. Accordingly, the motion court properly concluded that privilege determinations are governed by New York law, as the parties stipulated. Concur—Friedman, J.P., Moskowitz, Feinman and Gische, JJ.